UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 29 2002
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Corey L. Woodfolk,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )  Civil Action No. 97-0634 (EGS)
                                  )
Drug Enforcement Administration, et al., )
                                  )
    Defendants.                   )

## MEMORANDUM OPINION

This matter is before the Court on defendant's motions to substitute the United States Department of Justice as the proper defendant and for summary judgment. Plaintiff was given until December 28, 2001, to respond to the motions. Because plaintiff is proceeding *pro se* in this matter, he was provided the text of Rule 56(e) of the Federal Rules of Civil Procedure, governing summary judgment. Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992). He was also informed of the consequences of failing to respond, including the notice that "[i]f the Court does not receive a response from plaintiff by this date, the Court may treat the motion as conceded and enter judgment for defendant." See Orders of October 5 and December 12, 2001. Plaintiff did not respond to defendant's motions. Consequently, the motions will be granted as conceded. The Court's review of defendant's motion for summary judgment provides an additional basis for entering judgment.

The Federal Bureau of Investigation notified plaintiff that it had identified approximately 50,000 pages of records responsive to his Freedom of Information Act request and asking for his agreement to pay the estimated fees of $4,990 before copies were prepared. See Declaration of Scott A. Hodes, ¶¶ 4-5. Plaintiff did not respond to this notice.



Exhaustion of administrative remedies is a jurisdictional prerequisite to the maintenance of a Freedom of Information Act claim. Spannaus v. United States Dep't of Justice, 824 F.2d 52, 58 (D.C. Cir. 1987) (citing Stebbins v. Nationwide Mutual Ins. Co., 757 F.2d 364 (D.C. Cir. 1985)); Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995). This Court must dismiss a FOIA action for lack of subject matter jurisdiction if plaintiff has failed to allege proper exhaustion of his administrative remedies. Dettman v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).

"Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996) (quoting Oglesby v. Dep't of Army, 920 F.2d 57, 66 (D.C. Cir. 1990)). Having not paid the required duplication fee or filed an application for waiver of the fee, defendant has no obligation to produce the requested records. See 5 U.S.C. § 552(a)(3)(A) (conditioning agency's responsibility to respond to requests on requester's compliance with published rules regarding fees); 28 C.F.R. §§ 16.10 and 16.47 (agency regulations governing duplication fees). Because plaintiff has not responded to the pending motions and defendant's motion includes evidence to support a finding that plaintiff has not completed the administrative FOIA process, the complaint must be dismissed.

An appropriate order accompanies this Memorandum Opinion.

EMMET G. SULLIVAN
United States District Judge

DATE: 1/28/02

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 29 2002
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Corey L. Woodfolk,            )
                              )
        Plaintiff,            )
                              )
v.                            )   Civil Action No. 97-0634 (EGS)
                              )
Drug Enforcement Administration, et al., )
                              )
        Defendants.           )

## JUDGMENT

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

ORDERED that defendant's motions to substitute the United States Department of Justice as the proper defendant and for summary judgment [#23-1, #23-2] are GRANTED; and it is

FURTHER ORDERED that the United States Department of Justice is substituted as the proper defendant in this matter and JUDGMENT is granted in its favor. Any pending motions are denied as moot. This is a final appealable order. See Fed. R. App. P. 4(a).

SO ORDERED.

DATE: 1/28/02

_____
EMMET G. SULLIVAN
United States District Judge

**Copies to:**

Corey Lorenzo Woodfolk
Reg. No. 30079-037
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA  17837

Plaintiff

Lisa Barsoomian, Esq.
Assistant United States Attorney
Judiciary Center Building, 10th Floor
555 Fourth Street, N.W.
Washington, D.C.  20001

Counsel for defendants